McFarland, J.,
delivered the opinion of the court:
Blair, upon petition, obtained a writ of habeas" corpus, alleging that he was illegally restrained of his liberty. He had submitted before a justice, under the small offense law, and was adjudged to pa.y a fine and costs, and in default of payment or security, under a recent act of the legislature [Acts 1875, ch. 83], committed to the workhouse of the county, to work out the fine and costs at 25 cents per day, as provided by the act. He had remained a time sufficient to satisfy the fine and costs, but it is alleged in the return oí N. B. Forrest, having charge of the relator, that he had, at one time, attempted to escape custody, but was immediately caught and brought back by two other convicts, and that, in accordance with a rule adopted by the keeper, he had allowed said two convicts $5 for their services, and had charged the same to this relator, Blair, and had also furnished him a pair of shoes at $1.90, and with these two sums the relator’s time was not out.
The circuit judge dismissed the writ, and the relator appealed. It is conceded that there is no appeal in such case from the action of the judge in dismissing this writ, but it is argued that the relator may appeal from the judgment against him for cost, upon dismissing the suit, and we are asked to take jurisdiction and declare the workhouse law *728 unconstitutional [said a.ct was lield constitutional in Mosley v. Gallatin, 10 Lea, 494], or, at any rate, that the keeper had no power to add the additional $5 to' the sum which the relator was to work out.
We do not see how we are to take jurisdiction of the ease if no appeal lies from the action of the judge dismissing the suit. We see no ground for objection to' the judgment for cost. Certainly no ground upon which we cari consider the questions submitted. The judge or court has the power to tax costs in such cases as he may think right. 'Code, 3762.
The relator seems to have -bean somewhat arbitrarily dealt with, and there ought to be some remedy, but we have no jurisdiction. Dismiss the appeal.